IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lianne D. Lennon;<br>Raymond Lennon,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Amerigroup, d/b/a *Mortgage Investors Corporation*; The GMAC Mortgage, LLC;[1]<br>National Title Network; Mical<br>Mortgage Inc.; Countrywide Home Loans,<br>*f/k/a Countrywide Funding Corporation*;[2]<br>William Mobley; Melissa B. Neely;<br>John LA Camp; Wes Bailey; MERS;<br>Pentagon Federal Credit Union,<br><br>　　　　　Defendants. | C/A No. 3:11-1650-CMC-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiffs, Lianne D. Lennon and Raymond Lennon (collectively "the Lennons"), self-represented litigants, filed this matter asserting causes of action for fraud, negligent misrepresentation, civil conspiracy, breach of contract, professional negligence, violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq., and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on motions filed by Defendants Amerigroup, GMAC Mortgage, LLC,

---

[1] The pleadings before the court indicate that "The GMAC Mortgage, LLC" is more properly identified as "GMAC Mortgage, LLC."

[2] Based on the filings before the court, Defendant Countrywide Home Loans states that it assumes the Lennons intended to name Countrywide Home Loans Servicing, L.P., which due to mergers is properly identified as "Bank of America, N.A." (See ECF No. 80 at 1 n.1.)

Page 1 of 10



National Title Network, Countrywide Home Loans, Melissa B. Neely, Wes Baily, and MERS challenging the viability of the Complaint. (ECF Nos. 15, 16, 23, 28, & 80.) By orders of this court filed pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiffs were advised of the dismissal and summary judgment procedures and the possible consequences if they failed to respond adequately. (ECF Nos. 19, 29, & 81.) The Lennons filed responses in opposition to the defendants' motions. (ECF Nos. 51 & 87.) Some of the defendants filed replies. (ECF Nos. 57 & 58.) Having carefully considered the parties' submissions and the applicable law, the court finds that the defendants' motions should be granted.

**DISCUSSION**

**A.      Rule 12 Standards**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal

arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555. Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings should be granted when viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009).

**B.    Amended Complaint**

The Lennons' lengthy Amended Complaint largely consists of convoluted or incomprehensible assertions. However, the crux of the allegations in the Lennons' Amended Complaint appears to challenge the validity of their mortgage(s) and actions taken during or following the closing of the transaction refinancing their loan.

The Lennons first appear to allege that in July 1999 their original mortgage was provided to Mical Mortgage, Inc. ("Mical") and was fraudulently assigned to "Countrywide Home Loans FKA Countrywide Funding Corporation" by a "ROBO-Signee" of Mical. (Am. Compl. ¶¶ 21-25, ECF No. 7 at 6.) The Lennons also state that Countrywide is a servicer of the mortgage. (Id. ¶ 28.) The Lennons then appear to allege that their original mortgage was with Mortgage Investors Corporation

PJG

d/b/a Amerigroup Mortgage Corporation and that it was transferred to Pentagon Federal Credit Union. The Lennons appear to state that MERS as a nominee for Amerigroup transferred this mortgage to Pentagon Federal Credit Union. The Lennons assert that Mortgage Investors Corporation is the servicing company on the assignment and that neither MERS nor Mortgage Investors Corporation had "standing." (Am. Compl. ¶¶ 29-40, ECF No. 7 at 7-8.)

The Amended Complaint next appears to include a re-creation of a demand letter prepared by "Riley's Consultant" directed to "Mortgage Investors Corporation B/d/a Amerigroup Mortgage Co.", which appears to challenge the transfer of the mortgage.³ (Am. Compl., ECF No. 7 at 8-9.) This letter includes the signature block "Sincerely, You're Name." (Id.)

The Lennons allege that in June 2010, National Title Network helped the defendants and prepared an assignment and subordination agreement. The Lennons allege that they attempted to contact Defendant John LA Camp, who signed the document as assistant treasurer, and were informed by the corporate offices of National Title Network that he was not employed there. Further, the subordination agreement appears to state that the loan with Pentagon Federal Credit Union would be secondary to the loan with Amerigroup Mortgage Corporation. (Am. Compl. ¶¶ 43-50, ECF No. 7 at 11-13.)

Finally, the Lennons allege that in May 2010, they refinanced their mortgage with Amerigroup Mortgage who arranged the closing. Defendant Neely served as the closing attorney for this loan and the Lennons allege that Amerigroup Mortgage Corporation delegated some of the closing responsibilities to Defendant Mobley and National Title Network Corporation. (Am. Compl.

---

³ This letter appears to be in response to a letter from Mortgage Investors Corporation dated July 1, 2010, which is included later in the Amended Complaint notifying the Lennons of the change in servicer of their mortgage. (Am. Compl. ¶ 42, ECF No. 7 at 10-11.)



¶¶ 51-61, ECF No. 7 at 13-15.) The Lennons assert that Mortgage Investors Corporation d/b/a Amerigroup Mortgage made misrepresentations and omitted material information from the loan process in an effort to defraud the plaintiffs. Specifically, the Lennons allege that the property value was misrepresented, the refinance was a purchase by the mortgagor, and the funds were not collected and disbursed as represented in the closing statement. (Am. Compl. ¶¶ 62-64, ECF No. 7 at 15-16.) The Lennons allege that Mortgage Investors Corporation d/b/a Amerigroup Mortgage Corporation has been terminated from doing business in South Carolina. (Am. Compl. ¶ 65-66, ECF No. 7 at 16-17.)

Finally, the Lennons appear to have included numerous paragraphs concerning MERS that Defendant MERS states appear to be copied from an internet website. (See Defs. Countrywide Home Loans and MERS's Mot. J. Pleadings at 4 & n.4, ECF No. 80 at 4 & n.4.)

**C.     Motions to Dismiss**

Pending before this court are the following motions: Defendant Neely's motion to dismiss for failure to state a claim and for lack of jurisdiction (ECF No. 15), Defendant National Title Network's motion to dismiss for failure to state a claim (ECF No. 16),[4] The GMAC Mortgage LLC and MERS's motion to dismiss for failure to state a claim (ECF No. 23), Amerigroup and Wes Bailey's motion to dismiss for failure to state a claim (ECF No. 28), and Countrywide Home Loans and MERS's motion for judgment on the pleadings (ECF No. 80).

The only federal cause of action before the court concerns allegations against all defendants that they violated RICO, specifically 18 U.S.C. § 1962(c) and (d). These subsections provide:

---

[4] The court observes that neither of these defendants have filed a memorandum in support of their motions; however, for the reasons that follow, the court finds that these defendants are entitled to dismissal and a memorandum would serve no useful purpose.

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.[5]
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

To establish a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedema, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). A "pattern of racketeering activity" requires at least two predicate acts of racketeering. See id. at 497 n.14; Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004); 18 U.S.C. § 1961(1), (5).

The Lennons generally allege that the defendants conspired by fraudulently inducing the Lennons to refinance their mortgage with a fraudulent loan application, fraudulent closing statements and other documents, and in transferring the title to real estate. (See Am. Compl. ¶¶ 157-59, 167-70, ECF No. 7 at 28, 30.) The Lennons also appear to allege that the defendants sold their mortgage in the secondary market for mortgage-backed securities to Mortgage Investors Corp., Pentagon Federal Credit Union, and others. (Am. Compl. ¶ 161, ECF No. 7 at 28-29.) Finally, the Lennons state that the defendants engaged in mail fraud, wire fraud, and engaged in a scheme to defraud the plaintiffs

---

[5] The term "unlawful debt" is defined as
> a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

18 U.S.C. § 1961(6). There are no allegations showing that the Lennons' mortgages would meet this definition.

and obtain funds from them through false or fraudulent pretense and representations all in violation of 18 U.S.C. §§ 1341, 1343, and 1344. (See Am. Compl. ¶¶ 162, 173, ECF No. 7 at 29, 30.)

After reviewing the Lennons' Amended Complaint liberally, and accepting the factual averments as true, the court finds the Amended Complaint fails to allege sufficient facts to state a plausible civil RICO claim. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The Lennons have summarily alleged that the defendants engaged in mail and wire fraud without alleging any specific acts by the defendants that would constitute mail or wire fraud or facts showing how they detrimentally relied on any act of the defendants. See Chisolm v. TranSouth Fin. Corp., 95 F.3d 331, 336, 337 (4th Cir. 1996) (defining mail fraud requiring an "scheme disclosing an intent to defraud" and "the use of the mails in furtherance of the scheme" and stating that a plaintiff must "plausibly allege" detrimental reliance on the fraudulent mailing and that the mailing was the proximate cause of the alleged injury) (citations omitted); Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989) (stating that a "plaintiff must plead the circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b)"); Foster v. Wintergreen Real Estate Co., 363 Fed. App'x 269, 273 n.5 (4th Cir. 2010) (noting that "the elements of wire fraud are similar [to mail fraud]; applying to the use of electronic or telephonic communication"); (see also Defs. Countrywide Home Loans and MERS's Mot. J. Pleadings at 22-23, ECF No 80 at 22-23) (discussing cases in this circuit rejecting aggregated allegations of fraud and pleadings that fail to identify the specific allegedly fraudulent conduct of each defendant). Therefore, all defendants are entitled to dismissal of these claims.[6]

---

[6] The court observes that it appears that Defendants Mical Mortgage Inc., William Mobley, John LA Camp, and Pentagon Federal Credit Union have never been served with process.



In light of the fact that the defendants are entitled to dismissal of the federal claims, it is recommended that the court decline to exercise supplemental jurisdiction over the Lennons' numerous state law claims.[7] See 28 U.S.C. § 1367(c)(3).

**RECOMMENDATION**

The Lennons have failed to state a plausible federal claim and therefore this action should be dismissed. Accordingly, the court recommends that the motions filed by Defendants Neely (ECF No. 15), National Title Network (ECF No. 16), GMAC Mortgage LLC and MERS (ECF No. 23), Amerigroup and Wes Bailey (ECF No. 28), and Countrywide Home Loans and MERS (ECF No. 80) be granted. Also pending before the court are the Lennons' motion for an order to show cause, which appears to seek a ruling in their favor on this case, (ECF No. 69) and two motions relating to discovery. (ECF Nos. 67 & 70.) In light of the above recommendations, the court further recommends that the Lennons' motion be denied and the discovery motions be terminated as moot.

_____

May 18, 2012                         Paige J. Gossett
Columbia, South Carolina         UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[7] The Lennons allege that jurisdiction is also proper under the diversity statute, 28 U.S.C. § 1332(a). However, this statute requires complete diversity of parties—*i.e.*, that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). Defendant Neely and the plaintiffs are citizens of the State of South Carolina; therefore, as argued by Defendant Neely, complete diversity does not exist.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).