IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lianne D. Lennon and Raymond Lennon, | C/A NO. 3:11-1650-CMC-PJG |
| Plaintiffs, | |
| v. | **OPINION and ORDER** |
| Amerigroup, *d/b/a/ Mortgage Investors Corporation*; The GMAC Mortgage, LLC; National Title Network; Mical Mortgage Inc.; Countrywide Home Loans, *f/k/a Countrywide Funding Corporation*; William Mobley; Melissa B. Neely; John LA Camp; Wes Bailey; MERS; Pentagon Federal Credit Union | |
| Defendants. | |

This matter is before the court on the following motions: (1) motions to dismiss filed by Defendants Amerigroup, *d/b/a/ Mortgage Investors Corporation*, The GMAC Mortgage, LLC, National Title Network; Countrywide Home Loans, *f/k/a Countrywide Funding Corporation*; Melissa B. Neely; Wes Bailey; and MERS (collectively "Moving Defendants") (Dkt. Nos. 15, 16, 23, 28, 80); (2) motions to show cause and for discovery filed by Plaintiffs (Dkt. No. 69, 70); and (3) a discovery and scheduling-related motion filed by one of the Moving Defendants. For the reasons stated below and in the Report and Recommendation of the Magistrate Judge (Dkt. No. 93), the court grants the Moving Defendants' motions to the extent they seek dismissal of Plaintiffs' federal causes of action with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The court also adopts the recommendations that it (1) decline to exercise supplemental

---

[1] Plaintiffs assert eight causes of action. Only the fifth and sixth, both of which allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, purport to assert a claim which arises under federal law.

1

jurisdiction over the remaining state-law claims against these Defendants and dismiss these claims without prejudice; (2) deny Plaintiffs' motion to show cause, and (3) find the remaining discovery and scheduling-related motions moot. Finally, for reasons explained more fully below, the court dismisses the claims against the remaining four Defendants without prejudice for failure of service. These Defendants include: Mical Mortgage, Inc., William Mobley, John LA Camp, and Pentagon Federal Credit Union (collectively "Non-Moving Defendants").

## BACKGROUND

This matter was filed in this court on July 8, 2011. Plaintiffs, proceeding as their own counsel, filed an amended complaint as of right on July 28, 2011.[2]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 18, 2011, the Magistrate Judge issued an order authorizing service and directing the Clerk of Court to issue summonses. Dkt. No. 12. The order advised Plaintiffs that it was their responsibility to effect proper service. *Id.*

Although no proofs of service on any Defendants have been filed, a number of Defendants entered appearances, generally by filing a motion to dismiss. One Defendant also filed an answer. No appearances were, however, made for the Non-Moving Defendants.

On May 18, 2012, the Magistrate Judge issued a Report recommending that the federal causes of action be dismissed with prejudice for failure to state a claim on which relief could be

---

[2] Plaintiffs subsequently filed a document which they labeled as a motion to amend the amended complaint. Dkt. No. 10. That document did not, however, seek to amend the allegations of the complaint. Instead, it sought to add an evidentiary exhibit to the record. *Id.* (attaching a transcript of a deposition of a representative of Defendant MERS, taken in another action). *See also* Dkt. No. 12 (order resolving motion).

2

granted (dismissal under Fed. R. Civ. P. 12(b)(6)). Noting the absence of complete diversity and the early stage of the proceedings, the Report recommended that the court decline to exercise supplemental jurisdiction over the remaining state-law claims and dismiss those claims without prejudice. Based on these recommendations, the Report further recommended that the court deny Plaintiffs' motion to show cause (which sought a ruling on the merits) and find the parties' scheduling and discovery-related motions moot.

In recommending dismissal, the Report stated that "*all defendants* are entitled to dismissal of these claims." Dkt. No. 93 at 8 (emphasis added); *see also id.* at 9 (recommending that "*this action* should be dismissed") (emphasis added). In a footnote to this recommendation, the Report "observe[d] that it appears that Defendants Mical Mortgage, Inc., William Mobley, John LA Camp, and Pentagon Federal Credit Union have never been served with process." *Id*. n.6.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. No objections have been filed to the Report and the time for doing so has expired.[3]

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

---

[3] The deadline for filing an objection was June 4, 2012. No response had been filed as of the entry of this order.

U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## DISCUSSION

After a review of the record, the applicable law, and the Report, the court agrees with and adopts the Report's reasoning and recommendations that this court (1) grant the Moving Defendants' motions in part, by dismissing the federal claims against the Moving Defendants with prejudice, declining to exercise supplemental jurisdiction over the state-law claims and, therefore, dismissing the state-law claims without prejudice (Dkt. Nos. 15, 16, 23, 28, 80), (2) deny Plaintiffs' motion for an order to show cause (Dkt. No. 69), and (3) find the parties' scheduling and discovery-related motions moot (Dkt. Nos. 67, 70).

As to the four Non-Moving Defendants, the court expands on the reasoning of the Report and concludes that it should dismiss all claims against these Defendants, Mical Mortgage, Inc., William Mobley, John LA Camp, and Pentagon Federal Credit Union, *without prejudice for failure of service*. The Magistrate Judge drew this apparent lack of service to Plaintiffs' attention together with a recommendation that the federal claims be dismissed as to "all defendants." Dkt. No. 93 at 8 n.6. In addition, the Report recommended that the *"action* should be dismissed." *Id*. at 9 (emphasis added).

The court finds the Report's collective dismissal recommendations, together with its observation that these four Defendants did not appear to have been served, sufficient notice to Plaintiffs that the claims against the Non-Moving Defendants would be dismissed for failure of

4

service if Plaintiffs did not establish that service had, in fact, been made, or show cause why the failure should be excused and additional time allowed for service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the compliant is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Under these circumstances, the court finds Plaintiffs' subsequent failure to file an objection to the Report or to otherwise address the lack of service supports dismissal of the claims against the four Non-Moving Defendants for lack of service. The dismissal of Defendants Mical Mortgage, Inc., William Mobley, John LA Camp, and Pentagon Federal Credit Union for lack of service is without prejudice.[4]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 8, 2012

---

[4] Even if requested, the court would not allow additional time for service on these Defendants for two reasons. First, the matter is now nearly a year old without any evidence that service has been attempted. Second, there is no reason to believe Plaintiffs' federal claims against the Non-Moving Defendants would fare any better than against the Moving Defendants. Allowing additional time for service would, therefore, only cause Plaintiffs to incur additional expenses while needlessly prolonging the matter.